D. C. BENHAM, FRANKLIN W. SHAEFFER, Trustees, and STEPHEN J. FIELD, Appellants, *v.* GEORGE ROWE and Others, Respondents.

An order of reference cannot be made without the consent of the adverse party.

APPEAL from the Tenth Judicial District, Yuba County.

On motion of the respondents, defendants in the Court below, the Judge of the District Court made an order in vacation, appointing a sole referee to audit and report the accounts between the parties, &c.; and to take such testimony as would enable the Court to determine the matters in controversy. Two days afterwards, the plaintiffs filed an affidavit that the order of reference was made *ex parte*, and without their consent, &c.; and filed a notice of appeal from the order.

*Stephen J. Field*, for the Appellants.

*George Rowe*, for the Respondents.

Chief Justice MURRAY delivered the opinion of the Court. This is an appeal from the order of the Court below appointing a referee to take testimony, and ascertain and adjust accounts, &c. The order was made against the consent of the defendants. This case falls within the rule laid down by this Court in Pollock *v.* Smith, et al., p. 92. In that case we held that the Court below had no power to order a reference without the consent of parties; and that the exercise of this power amounted to an infringement on the right of trial by jury. That case does not conflict with the decision rendered at this term, in Russell *v.* Elliott. In the latter case we held, that an injunction bond given under a statute which provided that the damages caused by such injunction

should be assessed by a reference, or otherwise, as the Court should direct, was a waiver of the party's right to a jury, upon the question of damages. The order appointing a referee must be set aside.

Ordered accordingly.